### INTRAVAIA v. MUSTAICHE.
#### No. 14024.

Court of Appeal of Louisiana. Orleans.
May 16, 1932.

Jas. J. Landry and George Montgomery, both of New Orleans, for appellee.

John J. Wingrave, of New Orleans, for appellant.

WESTERFIELD, J.

Plaintiff, Benedict Intravaia, alleges that he entered into an oral contract of partnership with Joseph Mustaiche for the purpose of operating a grocery store in the city of Baton Rouge; that he agreed to put into the partnership certain fixtures, equipment, and merchandise, and Mustaiche agreed to put up $1,500, with the understanding that each partner was to share equally the profits and losses of the enterprise; that in compliance with his agreement he supplied the fixtures and equipment and merchandise valued at the sum of $2,004.77; that the store was opened on the first day of June, 1930, and that shortly thereafter, July 5th, he became ill and was forced to leave Baton Rouge and return to his home in New Orleans for medical treatment; that during his absence Mustaiche mismanaged the business, withdrew certain funds therefrom for his personal use, permitted his family to obtain groceries from the partnership stock without paying therefor, and otherwise conducted the partnership to the detriment of petitioner; that on the 28th day of July, 1930, plaintiff returned to Baton Rouge and insisted upon the immediate dissolution of the partnership, whereupon an inventory of the business was made and Mustaiche withdrew from the partnership; that according to a report of a firm of accountants the partnership lost during its operation the sum of $1,522.36, and that Mustaiche is liable to him for one-half that amount; that, in addition, money of the partnership was withdrawn for the personal use of Mustaiche, and that on that account there is due him $155.84 and an additional sum of $25 representing one-half of the cost of the audit. The petition closes with a prayer for judgment in his favor and against defendant in the sum of $942, and further asks that defendant be required to account to him for his conduct of the partnership, and that there be judgment for such further sum as it may thereafter appear as owing to petitioner.

Defendant filed an exception of no legal right or cause of action which was overruled, and then filed an answer in which it was denied that there was a partnership agreement, and, in the alternative, that, if a partnership existed, it had never been dissolved, and, if dissolved, nothing was due plaintiff.

There was judgment dismissing plaintiff's suit, and he has appealed.

The record indicates that Intravaia, the plaintiff, was the owner of two grocery stores in the city of New Orleans, and that Mustaiche, the defendant, was the proprietor of a fish market in the city of Baton Rouge. In-

travaia, apparently upon terms of friendship with Mustaiche, drove to Baton Rouge and dined with Mustaiche at his home. During this visit Intravaia complained of business conditions in New Orleans, stating that one of his stores was doing little or no business, and that the other was barely getting along. He inquired about the grocery business in Baton Rouge and Mustaiche expressed a favorable opinion, whereupon some sort of an agreement was entered into between the two, as a result of which the stock of groceries and fixtures in one of Intravaia's stores was moved to Baton Rouge and installed in a building there, which the partners (for we believe a partnership has been established) called "Public Store." According to Intravaia and his witnesses, Mustaiche agreed to put up a minimum of $1,500. According to Mustaiche and his witnesses he agreed to contribute nothing in cash, but only his services. On this point, we believe that plaintiff has failed to establish the fact that defendant agreed to put up any money.

The "Public Store" was operated by Mustaiche alone during Intravaia's illness. When Intravaia returned to Baton Rouge he complained of Mustaiche's mismanagement, and, either with or without his consent, took possession of the store and its contents, receiving in this manner all that he brought from New Orleans and several hundred dollars besides, as admittedly appears from the inventory which was taken at the time.

The trial judge, upon request of counsel, gave written reasons for his judgment, in which he expressed the opinion that the plaintiff had "failed to support the burden of proof as to the existence of the co-partnership, and that even if it is assumed, arguendo, that the partnership is proven, that the defendant has already provided the only possible accounting, considering the manner in which the business was operated."

■■ We cannot agree with our brother below as to the effect of the evidence concerning the existence of the partnership and conclude that there was a partnership agreement, but we are convinced of the correctness of his conclusion. In the first place, there has been no settlement of the affairs of the partnership, and, while it is alleged that it was dissolved, there is no proof of that fact and no allegation and no proof of the settlement of the debts due by the partnership. Certainly no moneyed judgment can be rendered in plaintiff's favor under the circumstances, and, if any account can be demanded in advance of the liquidation of the partnership, concerning which we have serious doubt, Corpus Juris, Verbo "Partnerships," § 836, we, like our brother below, are of the opinion that it has been supplied. The plaintiff is in possession of the assets, books of accounts, and everything pertaining to the business which,

at the time of the trial, was being conducted by him for his own account. He is in full possession of all information as to the conduct and affairs of the partnership. Moreover, since it is admitted that the stock and fixtures and other assets taken over by him exceeded the amount contributed to the partnership, and, since, as we have found, he has failed to establish the alleged agreement of Mustaiche to put up any money, it does not appear that he has suffered by his association with Mustaiche. Concerning the few small items, such as groceries delivered to the family of Mustaiche, and an occasional check used for Mustaiche's personal account, if each item is not explained by his testimony, and some of them are, the difference, it seems to us, is more than taken care of by the surplus in the inventory of the stock of groceries turned over to the plaintiff at the time of his assumption of the business.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.